UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT E. MORRIS, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:14-cv-00447-LDG-NJK <br><br> REPORT AND RECOMMENDATION <br><br> ORDER DISCHARGING ORDERS TO SHOW CAUSE |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Robert Morris' application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 16. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 17, 18. No reply was filed to Plaintiff's motion and no response was filed to the Commissioner's motion. This action was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule IB 1-4.

**I.   STANDARDS**

    A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

//

B. <u>Disability Evaluation Process</u>

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20

C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. BACKGROUND

### A. Procedural History

On June 2, 2011, Plaintiff filed applications for a period of disability and disability insurance benefits and supplemental security income alleging that he became disabled on October 1, 2010. *See, e.g.*, Administrative Record ("A.R.") 121-137. His claims were denied initially on August 2, 2011, and upon reconsideration on November 8, 2011. A.R. 41-71. On December 1, 2011, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 74. On August 9, 2012, Plaintiff, his attorney, and vocational expert appeared for a hearing before ALJ Norman L. Bennett. *See* A.R. 22-40. On August 22, 2012, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from October 1, 2010, through the date of his

decision. A.R. 8-21. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 4, 2014. A.R. 1-7.

On March 26, 2014, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1-1 (complaint). Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court granted. Docket No. 2.

B.   The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and issued an unfavorable decision on August 22, 2012. A.R. 8-21. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015 and has not engaged in substantial gainful activity since October 1, 2010. A.R. 13. At step two, the ALJ found that Plaintiff has the following severe impairments: Crohn's disease. A.R. 13. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 13.

The ALJ found that Plaintiff had the residual functional capacity to perform the full range of light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b). A.R. 14-17. At step four, the ALJ found Plaintiff was capable of performing his past relevant work as a data entry clerk, customer service representative, cashier, and tech support. A.R. 17. Based on all of these findings, the ALJ found Plaintiff not disabled and denied his applications for a period of disability and disability insurance benefits and supplemental security income. *See* A.R. 17-18.

**III.   ANALYSIS AND FINDINGS**

Plaintiff seeks reversal and/or remand of the ALJ's decision on the ground that the ALJ failed to properly evaluate Plaintiff's symptoms in the credibility assessment. The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572

F.3d 586, 591 (9th Cir. 2009). To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than he claims. *See id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

Plaintiff contends that the ALJ did not provide clear and convincing reasons for an adverse credibility determination. Plaintiff argues that the ALJ improperly assessed his subjective symptom testimony in assessing the residual function capacity. Docket No. 16 at 4. In particular, Plaintiff argues that the ALJ improperly conducted the mandated two-step process. *See id.* at 6. Plaintiff argues that the ALJ failed to provide sufficient rationale for his decision to find Plaintiff not fully credible. *See id.* Plaintiff further asserts that the ALJ's rejection of his testimony appears to be based on the lack of objective evidence supporting it, which Plaintiff asserts is an insufficient basis on which to make an adverse credibility finding. *See id.* at 7-8. Lastly, Plaintiff asserts that his testimony regarding his daily activities was not a sufficient basis to make an adverse credibility finding because Plaintiff contends his daily activities indicate only a capacity for sporadic and unsustained activities. *See id.* at 9-12.

The Commissioner argues that the ALJ provided valid and sufficient bases for finding Plaintiff not fully credible. In particular, the Commissioner asserts that the ALJ properly considered the evidence of Plaintiff's non-compliance with treatment, evidence that the condition would have improved with treatment, and the lack of objective medical evidence. *See* Docket No. 17 at 4-5. The Commissioner asserts that the ALJ's findings as to each of these factors was supported by the record and that Ninth Circuit case law makes clear that they are each proper factors for consideration. *See id.* In short, the Commissioner argues that the ALJ properly evaluated Plaintiff's subjective complaints in making his credibility determination.

Despite Plaintiff's contention to the contrary, the ALJ provided clear and convincing reasons for finding Plaintiff not fully credible. First, the ALJ mentioned numerous instances of Plaintiff's non-compliance with treatment. *See* A.R. 13, 15, 16. The ALJ then found that the non-compliance

"suggested that [Plaintiff] did not find his symptoms bothersome enough to warrant medical compliance with prescribed medications." A.R. 17. The ALJ was within his discretion to rely on Plaintiff's non-compliance in discounting Plaintiff's credibility. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012).

Second, and relatedly, the ALJ noted that the record showed that the prescribed medications were effective and that Plaintiff himself testified that he could possibly work if he was taking the medications he needs. *See* A.R. 17. The ALJ was within his discretion to rely on the effectiveness of medication to control Plaintiff's symptoms in discounting Plaintiff's credibility. *See, e.g.*, *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits").

Third, the ALJ noted that the treatment records lacked any restrictions being placed by treating doctors. A.R. 16. The ALJ was within his discretion to rely on the lack of medical evidence as one consideration in discounting Plaintiff's credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although a lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis").

Based on the above considerations, the ALJ found Plaintiff's attestations of disabling symptoms to be exaggerations. A.R. 17. It was proper for the ALJ to do so.

Plaintiff's primary argument on appeal is that the ALJ improperly found that his daily activities supported a finding of non-disability. *See* Docket No. 16 at 9-12. According to Plaintiff, "[t]he ALJ states that Mr. Morris's testimony about what he can still do demonstrates his non-disability." *Id.* at 11-12. Plaintiff mischaracterizes the content of the ALJ's decision. The ALJ did not find that Plaintiff's testimony regarding daily activities was inconsistent with his contention that he is unable to work. Instead, the ALJ acknowledged Plaintiff's testimony of limited daily activities. A.R. 15-16. The ALJ concluded that, even taking that testimony as true, it did not support Plaintiff's disability claim because "it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons." A.R. 16. As such, the ALJ determined that Plaintiff's "reported limited daily activities are considered to be outweighed by the other factors discussed in this decision." *Id.* Plaintiff fails to

explain how the ALJ erred in so finding. Having reviewed the record, the Court concludes that the ALJ did not err.

### IV.     ORDERS TO SHOW CAUSE

Following the submission of briefing on this appeal, the Court issued two orders to show cause. First, the Court ordered Plaintiff to show cause why this case should not be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Docket No. 19. Second, the Court ordered Plaintiff's counsel (Marc Kalagian) to show cause why he should not be sanctioned for making arguments that lacked any reasonable basis and for bringing a frivolous appeal. Docket No. 20. Plaintiff and Mr. Kalagian filed responses to those orders to show cause, and Defendant has replied. *See* Docket Nos. 21-22, 24-25.

The Court finds the responses to the orders to show cause to be less than compelling. They rely on arguments that Plaintiff did not present in briefing the appeal,[2] and on legal and semantic gymnastics attempting to explain the basis for the arguments that were made. What is apparent to the Court is that Plaintiff's brief consists of boilerplate recitation of arguments without any meaningful attempt to tailor the arguments to the issues in this case or to ensure that they are applicable in this case. As a result, Plaintiff's brief and the record in this case are like ships passing in the night. This runs afoul of an attorney's obligations in presenting arguments to the Court.

It appears clear that this case could be properly dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Out an abundance of caution, however, the Court will instead issue this report and recommendation allowing this case to proceed along the normal course. It is also clear that Mr. Kalagian has brought arguments without a reasonable basis and has misrepresented the record. In this instance, the Court will give Mr. Kalagian the benefit of the doubt and will not issue monetary sanctions. The Court does, however, admonish Mr. Kalagian. The Court expects Mr. Kalagian to conduct a reasonable inquiry into his legal and factual arguments in the future, and to more thoughtfully draft his pleadings generally. Mr. Kalagian has now received this warning in this case, in addition to receiving notice of

---

[2] The Court did not issue the orders to show cause so that Plaintiff and Mr. Kalagian could raise new arguments on the merits. Any arguments that they failed to include in briefing the merits of the appeal are waived. *See, e.g.*, *Bray*, 554 F.3d at 1226 n.7 (arguments not raised in briefing the appeal are waived). Even were the Court to consider the new arguments made, they do not change the outcome of this appeal.

similar shortcomings in other cases. *See Ramirez v. Colvin*, 2015 WL 3886797, *3 (D. Nev. June 23, 2015) (Mahan, J.) ("Notably, plaintiff misstates the contents of [the] report and recommendation"); *Jones v. Colvin*, 2014 WL 5292978, *7 (D. Nev. Oct.15, 2014) (summarily rejecting argument as belied by the record); *see also Schwei v. Colvin*, 2015 U.S. Dist. Lexis 75100, *6-7 (D. Nev. June 9, 2015) (dismissing complaint as nonsensical); *Papp v. Colvin*, 2015 WL 4651831, *1 n.4 (D. Nev. May 4, 2015) (urging counsel "to more thoughtfully prepare their filings in the future to ensure that the basic information contained therein is accurate"). Moreover, concurrently herewith, the Court is issuing an order in another case admonishing Mr. Kalagian for similar issues. *See Sartor v. Colvin*, Case No. 2:14-cv-00570-APG-NJK (D. Nev. Aug. 10, 2015).

**To the extent this warning is not heeded moving forward, Mr. Kalagian should anticipate that the Court will impose monetary sanctions.**

V.  **CONCLUSION**

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 16) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 18) be **GRANTED**.

The Court **DISCHARGES** the orders to show cause as outlined above.

IT IS SO ORDERED.

DATED: August 10, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).